**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victoria Castaneda,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-20-08093-PCT-SMB<br><br>**ORDER** |

At issue is the denial of Plaintiff Victoria Castaneda's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint, (Doc. 1), and an Opening Brief, (Doc. 14), seeking judicial review of that denial. Defendant SSA filed an Answering Brief, (Doc. 15), to which Plaintiff replied, (Doc. 16). The Court has reviewed the parties' briefs, the Administrative Record, (Doc. 11), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 11 at 25–29), and will vacate the ALJ's decision and remand for the reasons addressed herein.

**I.   BACKGROUND**

Plaintiff filed an Application for SSDI benefits in June 2016, alleging a disability beginning on May 10, 2016. (Doc. 11-3 at 19.) Plaintiff's claim was initially denied, and a hearing was held before ALJ Mucerino on November 29, 2018. Plaintiff's Application was denied by the ALJ on March 25, 2019. (*Id.* at 19-32). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision on February 20, 2020, and this

appeal followed.

Plaintiff alleges disability due to, in relevant part, neck and knee pain, arthritis, and tendonitis. After considering the medical evidence and opinions, the ALJ determined that Plaintiff "has not been under a disability within the meaning of the Social Security Act from May 10, 2016, through the date of this decision." (*Id.* at 20.) The ALJ found claimant to have several severe impairments including, in part, morbid obesity, asthma, degenerative disc disease of the cervical spine, degenerative joint disease of the left knee, and osteoarthritis in both knees and the lumbar spine. (*Id.* at 4.) The ALJ concluded, nevertheless, that claimant had the residual functional capacity ("RFC") to perform sedentary work and that she is capable of performing past relevant work as a receptionist. (*Id.* at 6–13.)

Plaintiff argues that the ALJ erred by rejecting treating source opinions and improperly rejecting Plaintiff's symptom testimony. The Commissioner argues that the ALJ's opinion is free of harmful error. The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

## II.   LEGAL STANDARDS

An ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

## III.   DISCUSSION

Plaintiff argues that the ALJ committed harmful error in evaluating Plaintiff's symptom testimony and in weighing the medical opinion. The Commissioner argues that the ALJ's opinion did not reject Plaintiff's subjective complaints, but rather, used them to evaluate her functional limitations. Additionally, the Commissioner argues that the ALJ properly weighed the medical opinions. The Court has reviewed the medical and administrative records and agrees with the Plaintiff that the ALJ improperly weighed the medical opinions.

### A. Plaintiff's Symptom Testimony

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment that "could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)) (internal quotation marks omitted). Second, absent evidence of malingering, an ALJ may only discount a claimant's allegations for reasons that are "specific, clear and convincing" and supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

"[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). General findings are insufficient. *Id.* "Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for [the Court] to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). "[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct." *Molina*, 674 F.3d at 1112. For instance, the ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1040).

Plaintiff argues the ALJ required proof of the severity of the symptoms and did not

tie in the medical records with any particular symptom testimony. (Doc. 14 at 11.) The Commissioner argues the ALJ did identify specific examples of evidence that did not support Plaintiff's symptom testimony and properly used the testimony to evaluate Plaintiff's RFC. (Doc. 15.)

Here, the ALJ did not reject Plaintiff's testimony of neck pain, muscle spasms, and knee pain but considered the limitations caused by those symptoms when evaluating her RFC. (Doc. 11-3 at 26). As for Plaintiff's claim of disabling pain, the ALJ specifically pointed to many places in the record showing pain relief given by conservative treatments. (*Id.* at 26). Plaintiff also argues the ALJ improperly rejected her testimony regarding side effects from medication. However, the ALJ provided specific citations to multiple places in the record where Plaintiff denied such side effects. The ALJ also considered evidence of Plaintiff's ability to participate in activities of daily living when evaluating the credibility of her symptom testimony.

Therefore, the Court finds no error in the ALJ's evaluation of Plaintiff's symptom testimony.

### B. Evaluation of Medical Testimony

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians; those who examined but did not treat the claimant are examining physicians; and those who neither examined, nor treated the claimant are non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who did not treat the claimant." *Id.* This is so because treating physicians have the advantage of in-person interaction and typically a longer history of treatment than a claimant's other doctors, and their "subjective judgments . . . . are important, and properly play a part in their medical evaluations." *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

An ALJ "may only reject a treating or examining physician's uncontradicted

medical opinion based on 'clear and convincing reasons.'" *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (quoting *Lester*, 81 F.3d at 830–31). "Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* An ALJ meets this standard by "setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The assessment of an opinion from a physician assistant may only be rejected based on reasons germane to that provider's assessment. *Revels v. Berryhill*, 874 F.3d 648, 655 (9th Cir. 2017).

Plaintiff argues the ALJ erred in rejecting the treating source assessments provided by Dr. Askari and PA Kirkeeng. (Doc.14.) The ALJ rejected Dr. Askari's assessment because it was inconsistent with a treatment note where Dr. Askari recommended Plaintiff increase her exercise to 150 minutes per week. Plaintiff argues that is not inconsistent because 20 minutes a day of exercise is not inconsistent with Dr. Askari's assessed limitations including standing and walking for an hour at a time for a total of less than two hours a day. The ALJ rejected PA Kirkeeng's assessment simply by citing to multiple places in the record that showed only some tenderness, reduced range of motion, and muscle spasms that improved with conservative treatment. Plaintiff argues that is in error because the ALJ ignored positive findings that support the assessment. The Commissioner argues the ALJ's decision is adequately supported in the record. The Court agrees with Plaintiff. In a very brief statement given to reject these assessments, the ALJ failed to adequately explain the inconsistency.

Therefore, the Court finds the ALJ erred in rejecting the treating source assessments of Dr. Askari and PA Kirkeeng.

## IV. REMAND

If the ALJ's decision is not supported by substantial evidence or suffers from harmful legal error, the district court has discretion to reverse and remand either for an award of benefits or for further administrative proceedings. The credit-as-true doctrine

does provide a Court discretion on whether to remand for further proceedings if the conditions of the test are met. *See Garrison v. Colvin*, 759 F.3d 995, 1020–21 (9th Cir. 2014). There are three elements which must be met for that to occur. *Id.* There is a "three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits." *Id.* at 1020. First, "the record [must have] been fully developed and further administrative proceedings would serve no useful purpose." *Id.* Second, "the ALJ [must have] failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Id.* Third, even "if the improperly discredited evidence were credited as true, the ALJ [must] be required to find the claimant disabled on remand." *Id.*

Here, the first two elements have been satisfied but the Court is not convinced that the ALJ would be required to find Plaintiff disabled.

Therefore, the Court will remand for further proceedings.

## V.     CONCLUSION

Therefore,

**IT IS ORDERED** vacating the February 20, 2020 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** remanding this case for further proceedings consistent with this opinion.

**IT IS FURTHER ORDERED** instructing the Clerk to enter judgment consistent with this order and terminate this case.

Dated this 29th day of March, 2022.

Honorable Susan M. Brnovich
United States District Judge